822 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
The COTTMAN CO., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, and James C.
Murchison, Respondents.
 No. 86-3839.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 4, 1987.
Decided May 21, 1987.
 
 Before PHILLIPS and WILKINSON, Circuit Judges, and SPENCER, United States District Judge for the Eastern District of Virginia, sitting by designation.
 Robert J. Thieblot (J. Edward Martin; Thomas J. Schetelich; Allen, Thieblot & Alexander, on brief), for petitioner.
 Marianne Demetral Smith, United States Department of Labor, Office of the Solicitor (George R. Salem, Solicitor of Labor; Donald S. Shire, Associate Solicitor, on brief), for respondents.
 PER CURIAM:
 
 
 1
 Petitioner The Cottman Co. (Cottman) appeals from a ruling by the Benefits Review Board (The Board) of the Department of Labor, which affirmed the decision of an Administrative Law Judge (ALJ). The Board held that the ALJ did not err in finding that Cottman was fully responsible for compensation due to James C. Murchison (Murchison), a disabled former employee. WE AFFIRM.
 
 
 2
 * Murchison was employed at Cottman as a tractor driver and bulldozer operator for the last twenty-two years of his working career. On June 24, 1976, he injured both shoulders and his right knee in an on-the-job accident. The injury to his right shoulder, however, required extensive medical attention. Ultimately, a major rotator cuff tear was discovered, necessitating surgery.
 
 
 3
 Murchison filed a claim for compensation benefits arising under the Longshoreman's and Harbor Worker's Act (The Act), as amended, 33 U.S.C. Sec. 901 et seq. The ALJ surveyed Murchison's injury history and related the following:
 
 
 4
 At the hearing the claimant was asked about his prior injuries. In 1953, the claimant sustained a severe gunshot wound to his left elbow including the biceps muscles. In 1963, the claimant was involved in a rear-end automobile accident in which he injured his right shoulder and back. The claimant was involved in another automobile accident in 1965 in which he injured his right shoulder and neck. The claimant was then injured on February 10, 1971, on the job when two picks fell striking him on the head. He sustained a chip fracture in his right clavicle, a cerebral concussion, and a contusion to his left neck and shoulder. The claimant received treatment for this injury throughout the remainder of 1971 and received permanent disability ratings ranging from 20 percent of the spine and 15 percent of the left shoulder to 5 percent of the entire body. The claimant strained his back at work on June 29, 1973. After a normal period of recovery from all these injuries the claimant returned to his usual longshoring job. The claimant settled his dispute with the employer for the 1971 injury for $19,504.70 and the 1973 claim for $1,744.24.
 
 
 5
 In the Matter of James C. Murchison v. The Cottman Co., Case No. 81-LHCA-355, OWCP No. 4-14179, Slip Op. at 5 (Oct. 28, 1981).
 
 
 6
 Murchison later returned to work following the 1976 accident, but was unable to perform the duties of his position. The ALJ concluded that Murchison became permanently totally disabled as of December 20, 1978. He further found that Murchison's disability was due solely to the 1976 injury. Therefore, 33 U.S.C. Sec. 908(f) (commonly known as Sec. 8(f) of the Act) did not apply, and Cottman was fully responsible for payment of benefits.[1] The Board upheld these findings.
 
 
 7
 On this appeal, Cottman challenges only the finding that Sec. 8(f) does not apply. It argues that substantial evidence does not exist to support the finding.
 
 
 8
 In arriving at his finding, the ALJ weighed the respective opinions of a battery of medical doctors. Dr. Elliott R. Fishel opined that any disability possessed by Murchison was produced by a combination of preexisting conditions and the 1976 injury. On the other hand, Drs. G. Edward Reahl and Louis S. Halikman were of the opinion that the severe injury to Murchison's right shoulder was occasioned by the 1976 injury, and resulted in permanent total disability. Armed with these opinions, the ALJ concluded that the 1976 injury was the sole cause of Murchison's permanent total disability.
 
 II
 
 9
 This Court must affirm the ALJ's decision if substantial evidence supports his finding. Director, OWCP v. Newport News Shipbuilding and Drydock Co., 676 F.2d 110, 114 (4th Cir.1982). Furthermore, we have previously discussed the burden placed on employers if they are to receive the benefit of Sec. 8(f).
 
 
 10
 Three requirements must be met before an employer is entitled to Section 8(f) relief. First, there must be an existing permanent partial disability. Second, the disability must be manifest as defined by pertinent case law. And third, the pre-existing disability must combine with the subsequent disability and contribute to the resulting permanent total disability, 33 U.S.C. 908(f).
 
 
 11
 Director v. Newport News Shipbuilding, 676 F.2d at 114.
 
 
 12
 The ALJ determined that Cottman did not carry its burden. The opinions of Drs. Reahl and Halikman, in spite of Cottman's protestations, do support the ALJ's decision, notwithstanding the contrary view of Dr. Fishel.[2]
 
 
 13
 We conclude that the ALJ's finding is amply supported by substantial evidence appearing in the record, and that there is a reasonable factual and legal basis for the Board's affirming the ALJ's decision and order. Accordingly, we affirm the order of the Benefits Review Board.
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 Section 8(f) establishes that an employer shall provide compensation for only one hundred four weeks if an employee who has an existing permanent partial disability suffers an injury which causes him to become permanently totally disabled, and the permanent total disability is not due to that injury alone. Compensation beyond the one hundred four week period is paid out of a Special Fund established by 33 U.S.C. Sec. 944
 
 
 [2]
 It should be noted that Dr. Fishel, unlike Drs. Reahl and Halikman, failed to diagnose Murchison's severe rotator cuff tear. This failure was a factor which the ALJ could take into account in assessing the weight to be accorded the opinions of the various doctors